F. C. W. Owens *et al.*, Respondents, v. Elizabeth
Branson *et al.*, Appellants.

St. Louis Court of Appeals, January 17, 1888.

Appeal—Jurisdiction—Transfer to Supreme Court.—Where a set-
tlement by administrators shows a balance in their hands of less
than twenty-five hundred dollars, and exceptions are filed by the
distributees, claiming errors aggregating more than seven thou-
sand dollars, whereupon the probate court adjudges the true
balance to be $4,024.64, and the circuit court, on appeal, makes the
same finding by consent of parties; and it further appears, from
the motion for a new trial, that the amount of commissions im-
properly allowed was three thousand dollars, the amount in con-
troversy exceeds the jurisdiction of this court, and the cause
must be transferred to the Supreme Court.

Appeal from the Phelps Circuit Court, Hon. C. C.
Bland, Judge.

*Cause transferred to the Supreme Court.*

Skinker & Harris, for the appellants: All the
items of exception except the one relating to commis-
sions were abandoned, and as the amount claimed on
that score is only $2,343,80, this case is unlike *Myers v.
Myers* (22 Mo. App. 94). A case in point is *Matthews
v. Danahy* (25 Mo. App. 354). *St. Clair v. Day*, 89
N. Y. 357. The amount in controversy in the circuit
court, not that in the probate court, controls. *David-
son v. Alfaro*, 80 N. Y. 660; *Brown v. Sigourney*, 72
N. Y. 122. The fact that in their motions the distrib-
utees lay damages at three thousand dollars, is imma-
terial. The record shows that the amount really in
controversy is only $2,343.80. Where jurisdiction de-
pends upon the amount in controversy, if there is
nothing else from which to determine the question, the
damages laid in the petition will control. This is the
established rule of the federal courts in actions sound-

ing in tort. Dillon on Removal of Causes [4 Ed.] sec. 51; *Hulsecamp v. Teel*, 2 Dallas, 358; *Meens v. Dupont*, 2 Wash. 463; *Hilton v. Dickinson*, 108 U. S. 168, 175; Phillips' U. S. Sup. Court Practice, 98–99; *Roosevelt v. Linkert*, 67 N. Y. 447. Where the substantial statements of fact constituting the plaintiff's cause of action show that he cannot recover an amount equal to that required to give the court jurisdiction, the cause will be dismissed, notwithstanding there may be a general averment of damages in a sufficient amount. *Lee v. Watson*, 1 Wall. 337; *Culver v. Crawford Co.*, 4 Dill. 239; Dillon on Removal of Causes [4 Ed.] sec. 51.

L. F. PARKER, for the respondent.

ROMBAUER, J., delivered the opinion of the court on motion to transfer to the Supreme Court.

The respondents, who are administrators of the estate of David Branson, have filed their motion herein to transfer the case to the Supreme Court, assigning as ground for the motion that the amount involved is more than twenty-five hundred dollars, and this court has no jurisdiction of the appeal.

The respondents filed their final settlement in the probate court of Phelps county, showing debits amounting to $58,296.61, and claiming credits amounting to $55,819.70, thus showing a balance in their hands of $2,476.91.

The appellants, who are distributees, filed exceptions to this settlement, claiming errors therein aggregating $7,361.17.

Upon trial of these exceptions the probate court found the true balance with which the administrators were chargeable to be $4,024.64, ordered distribution of said amount, and also that certain unavailable assets in the hands of the administrators be sold, and continued the case for final approval until the next term.

Before the next term of said court the administrators appealed to the circuit court, and the distributees

renewed their exceptions in the circuit court. It appears that the circuit court, at the term to which such appeal was returnable, by consent of parties, made a finding and order substantially the same as that made by the probate court, and continued the case to the next term for final disposition. At the next term the distributees moved to vacate the judgment thus entered on the ground that they consented to its entry, being misled by the statement of the administrators that the question of their commissions was not to be precluded by the judgment. This motion, as well as a further motion on part of the distributees to dismiss the appeal because prematurely taken, the circuit court overruled, to which rulings exceptions were saved.

The transcript of the record is very imperfect. The appellants here claim that the contest only involves the commissions of the administrators, which are less than twenty-five hundred dollars. The respondents claim the contest involves the entire amount of the distributees' original exceptions, which covers an amount exceeding seven thousand dollars. The motion for new trial states the total amount of commissions improperly allowed to have been three thousand dollars ; whereas, the motion in arrest claims that the appeal should not have been entertained by the circuit court at all.

It will thus appear that whatever view we take of the actual amount in controversy, as determined by exceptions properly saved to the rulings of the trial court below, that amount is in excess of twenty-five hundred dollars, and the Supreme Court has, *prima facie*, exclusive jurisdiction of the appeal.

Ordered that the cause be transferred to the Supreme Court. All the judges concur.